STEPHEN YOUNG *vs.* BENJAMIN F. YOUNG.

Knox. Opinion November 8, 1894.

*Guardian. Appointment. Notice. R. S., c. 67, § § 4, 5.*

Revised Statutes, c. 67, § 4, clause 2, provides for an appointment of a guardian by the judge of probate for two classes of persons : First, those who have become incapable of managing their affairs, " by excessive drinking, gambling, idleness or debauchery of any kind;" and second, those, " who so spend or waste their estate as to expose themselves or families to want or suffering, or their towns to expense."

The latter class was intended to include such heedless, improvident and wasteful persons, as thereby expose themselves and families to want, without reference to habits of drinking or debauchery.

The selectmen of a town petitioned the probate court to appoint a guardian to the plaintiff, for the reasons as alleged in the petition, that he, "is an indolent and intemperate man, and who spends and wastes his estate so

much that he exposes himself and family to want and suffering, and his said town to expense by reason of said indolence and intemperate habits he is incompetent to manage his own estate or protect his rights."

*Held;* that the petition contained all the allegations required by the statute to authorize the appointment of a guardian to a person falling within the description of the second class mentioned in clause two of section four. The other allegations and inferences, not necessary to be alleged or proved, do not vitiate the important and necessary allegation which is properly alleged.

Such a petition, dated February 2, 1889, was addressed to the probate court to be held on the second Tuesday of March following. Plaintiff was notified of the proceeding, and cited to appear at the court, at its March term, by service upon him, in hand, on February 4, 1889, of a copy of the petition, and the order and citation to appear and show cause. He did not appear at the court, and the judge of probate made a decree that he, " is an indolent and intemperate man, who wastes and spends his estate so much that he exposes himself and family to want and suffering and said town to expense," and appointed the defendant as his guardian, who qualified and has ever since acted without objection thereto.

*Held;* that the decree contains all the elements required by statute as a basis for the appointment of a guardian to a person of this class, and must be presumed to be based upon a hearing by the probate judge, and satisfactory proof of the material allegation in the petition.

*Also,* where the municipal officers are petitioners in such proceedings, if they have given at least fourteen days' notice to such person by serving him with a copy of their application, the judge may adjudicate thereon without further inquisition, " if such person is present, or on such further notice, if any, as he thinks reasonable." It is a matter for the exercise of the judicial discretion of the judge, in such case, to order further notice, but he is not required to do so.

### AGREED STATEMENT.

Assumpsit for money had and received. Date of writ, February 6, 1892.

Plea : The general issue with brief statement that the defendant is and has been since the second Tuesday of March, 1889, the legally appointed guardian of the plaintiff, and has during all said time acted as such, and that whatever moneys of the plaintiff he has received have been received by him as such guardian.

The case was submitted to the Law Court upon the following agreed statement :

At a regular term of the Probate Court of the county of Waldo, held at Belfast within and for said county, on the second Tuesday of March, 1889, on the petition of the selectmen of the

town of Lincolnville in said county, of which, said town the plaintiff was a resident at the date of said petition and also on the date of the holding of said term, a decree of the Judge of Probate for said county of Waldo was made and passed appointing the defendant guardian of the plaintiff, an adult person, from which said decree no appeal was taken and said decree has never been annulled or reversed. The defendant accepted said trust and gave bond as required by law, and letters of guardianship in due form were granted and issued to him by said Judge of Probate on said second Tuesday of March, 1889, and the defendant has never been removed from said trust and has ever since acted in said capacity.

At the date of said petition and on said second Tuesday of March, 1889, the plaintiff was and ever since has been a pensioner of the United States, his pension being payable by the United States Pension Agent at Augusta, Maine. The plaintiff was not present nor represented in the Probate Court at the hearing on the petition and the adjudication of the Judge of Probate thereon.

The petition of said selectmen, the notice thereto annexed, the return of the officer thereon, and the decree of the Judge of Probate thereon, were made part of the case.

Since the appointment of the defendant, the United States pension payable to the plaintiff has been paid in quarterly payments by the United States Pension Agent at Augusta, Maine, to the defendant as guardian of the plaintiff, and the same has been received by the defendant in his said capacity.

The action was brought to recover the pension money so paid to and received by the defendant.

If the action was maintainable, judgment was to be for the plaintiff, and the damages are to be determined at *nisi prius*; otherwise judgment for the defendant.

(Petition.)

"To the Honorable Judge of the Probate Court next to be held at Belfast, within and for the county of Waldo, on the second Tuesday of March, A. D., 1889.

"George W. Young and Harrison Leadbetter, selectmen of

the town of Lincolnville, respectfully represent, that Stephen E. Young of Lincolnville, in said county, is an indolent and intemperate man, and who spends and wastes his estate so much that he exposes himself and family to want and suffering and his said town to expense by reason of said indolence and intemperate habits he is incompetent to manage his own estate or to protect his rights, and pray that Benjamin F. Young may be appointed guardian to said person.

"Dated this second day of February, A. D., 1889.

George W. Young,

Harrison Leadbetter,

Selectmen of Lincolnville."

(Notice.)

" Waldo, ss.— On the foregoing petition, you, the said Stephen E. Young, are hereby cited to appear at the Probate Court to be held at Belfast, within and for said county, on the second Tuesday of March, A. D., 1889, at ten o'clock in the forenoon, and show cause, if any you have, why the prayer of said petitioners should not be granted.

George W. Young,

Harrison Leadbetter,

Selectmen of Lincolnville."

(Service.)

"Waldo, ss.　February 4, A. D., 1889.　I this day gave in hand to the within named Stephen E. Young, a true and attested copy of the within petition and order thereon.

Benjamin F. Young, Deputy Sheriff."

(Decree.)

" State of Maine, Probate Court, Waldo County, second Tuesday of March, A. D., 1889.

" On the foregoing petition personal notice of the time and place of hearing having been given according to law, it is decreed that Stephen E. Young is an indolent and intemperate man, who wastes and spends his estate so much that he exposes himself and family to want and suffering and said town to expense, and it is also decreed, that Benjamin F. Young, of Lincolnville, in said county, be appointed guardian to said Stephen E. Young,

and that letters of guardianship issue to him, he first giving bonds in the sum of three hundred dollars.

George E. Johnson, Judge."

*J. H. and C. O. Montgomery*, for plaintiff.

A decree appointing a guardian, on allegations which do not state a cause for which a guardian may be appointed, is void, and may be so held in any collateral proceedings by plea and proof. *Peters* v. *Peters*, 8 Cush. 543 ; *Fowle* v. *Coe*, 68 Maine, 248 ; *Coolidge* v. *Allen*, 82 Maine, 23.

To place a citizen under guardianship the records must show, by distinct allegations, and not by implication or inference, that he falls within one of the clauses named in the statute, for whom a guardian may be appointed. *Overseers* v. *Gullifer*, 49 Maine, 360.

The notice to the plaintiff of the proceedings to appoint a guardian for him was not sufficient. A copy of the petition of the selectmen was all that he had ; he was not present at the return term of the petition, and the judge made no further order of notice, but proceeded to adjudicate the case in his absence, and without further notice. He should have given him further notice. R. S., c. 67, § 5.

On the matter of notice to a person for whom a guardian is sought the statute is plain. First, for a party whom the municipal officers certify has been committed to the insane asylum, &c., without further action or notice to the party. Second, to insane married women, after personal notice, &c., without inquisition. Third, in all other cases where the municipal officers, &c., are applicants. If they have given at least fourteen days' notice to such person the judge may adjudicate thereon without further inquisition, if such person is present, or on such further notice, if any, as he thinks reasonable. The necessity of his presence at the hearing is to take the place of an inquisition. It seems to be for the purpose that no man shall be placed under a guardian without a personal observation by the tribunal to adjudicate the necessity for a guardian.

*W. H Fogler*, for defendant.

STROUT, J.    Revised Statutes, chap. 67, § 4, clause 2, provides for an appointment of a guardian by the judge of probate for two classes of persons : first, those who have become incapable of managing their affairs "by excessive drinking, gambling, idleness or debauchery of any kind ;" and second, those "who so spend or waste their estate as to expose themselves or families to want or suffering, or their towns to expense."

The latter class was intended to include such heedless, improvident and wasteful persons, as thereby expose themselves and families to want, without any reference to habits of drinking or debauchery.

In this case, a majority of the selectmen of Lincolnville petitioned the Probate Court for the county of Waldo, to appoint a guardian to the plaintiff, Stephen E. Young, upon the ground, as alleged in the petition, that he "is an indolent and intemperate man, and who spends and wastes his estate so much that he exposes himself and family to want and suffering, and his said town to expense by reason of said indolence and intemperate habits he is incompetent to manage his own estate or to protect his rights." It is admitted that Young resided in Lincolnville at the date of said petition, and at the date of the decree in the Probate Court.

The petition of the selectmen contains all the allegations required by the statute to authorize the appointment of a guardian, to a person falling within the description of the second class, mentioned in clause two of section four. It also contains other allegations and inferences, not necessary to be alleged or proved, but which cannot vitiate the important and necessary allegation, which is properly alleged. The petition bore date, February 2, 1889, and was addressed to the Probate Court to be held on the second Tuesday of March, 1889. Stephen was notified of the proceeding, and cited to appear at the Probate Court, at its March term, and show cause why the prayer of the petition should not be granted, by service upon him, in hand, on February 4, 1889, of a copy of the petition, and the order and citation to appear and show cause.

He did not appear at the Probate Court, and the judge of

probate made a decree that he "is an indolent and intemperate man, who wastes and spends his estate so much that he exposes himself and family to want and suffering and said town to expense," and appointed the defendant as his guardian. It is admitted that the defendant qualified and has ever since acted as guardian of Stephen, and no objection thereto appears to have been made by Stephen till the commencement of this suit on February 6, 1892.

The decree contains all the elements required by statute, as a basis for the appointment of a guardian to a person of this class, and must be presumed to be based upon a hearing by the probate judge, and satisfactory proof of the truth of the material allegation in the petition.

It is objected that the decree is void because the judge of probate gave no new or additional notice to Stephen, and that he was not present at the hearing. Section five of the statute provides that where the municipal officers are applicants, if they have given at least fourteen days' notice to such person by serving him with a copy of their application, the judge may adjudicate thereon without further inquisition, "if such person is present, or on such further notice, if any, as he thinks reasonable." The municipal officers had made such service on Stephen, and he was fully notified of the time and place for a hearing, but chose not to appear. The judge of probate could order further notice to Stephen, if he thought necessary or suitable, but he was not required to do so. It was a matter for the exercise of his judicial discretion. No suggestion is made that Stephen has been in any way prejudiced by the omission of a second notice, and we do not perceive any reason why another notice should have been given. Stephen has never sought to have the decree reversed in the Probate Court, nor to have the guardianship annulled. The subject matter, and the person of Stephen, was within the jurisdiction of the Probate Court; and the petition, notice and decree were sufficient and effective.

The defendant must be regarded as the legal guardian of the plaintiff, and as such entitled to the custody of the moneys sued for; and the action cannot be maintained. According to the terms of the report, the entry must be,

*Judgment for defendant.*